NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ATEF A. ELZEFTAWY,

  Plaintiff-Appellant,

 v.

MICHAEL BAKER INTERNATIONAL,
INC., a Pennsylvania Corporation,

  Defendant-Appellee.

No.  20-55700

D.C. No.
8:19-cv-01001-PA-KS
Central District of California,
Santa Ana

MEMORANDUM*

On Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 26, 2021**
San Francisco, California

Before:  MCKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,*** District
Judge.

  Atef A. Elzeftawy alleges that Michael Baker International, Inc. ("MBI")

---

  \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  \*\*\*    The Honorable Royce C. Lamberth, United States District Judge for
the District of Columbia, sitting by designation.

violated California's Fair Employment and Housing Act ("FEHA") and California Labor Code §§ 6310 and 6400 when MBI failed to hire him, failed to engage in an interactive process to determine a reasonable accommodation, failed to make a reasonable accommodation, and retaliated against him. The district court granted summary judgment for MBI. We have jurisdiction under 29 U.S.C. § 1291, and we affirm.

1.      The district court correctly granted summary judgment in MBI's favor on Elzeftawy's FEHA discrimination and retaliation claims after applying the three-part *McDonnell Douglas* burden-shifting test. *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (FEHA discrimination claims); *Sada v. Robert F. Kennedy Med. Ctr.*, 65 Cal. Rptr. 2d 112, 123 (Cal. Ct. App. 1997), *as modified on denial of reh'g* (July 18, 1997) (FEHA retaliation claims). MBI offered a legitimate, nondiscriminatory reason for not hiring Elzeftawy: the position for which he applied was contingent on MBI winning a project, and MBI cancelled the search for the position, hiring no one, when it failed to win the project. Elzeftawy failed to establish a genuine factual dispute that this reason was pretextual, and, for the same reason, failed to make out a prima facie case for FEHA disability discrimination, which requires him to show that MBI failed to hire him because of his disability. Cal. Gov't Code § 12940(a). In addition, Elzeftawy cannot make out a prima facie FEHA retaliation claim because he does not allege that he ever

2

complained about discrimination. *See id.* § 12940(h). Having met its burden, MBI was entitled to summary judgment on these claims.

2. The district court also correctly granted summary judgment in MBI's favor on Elzeftawy's claims for failure to engage in the interactive process and failure to accommodate.[1] Elzeftawy failed to show (1) that he asked for a reasonable accommodation, or any accommodation at all, related to his application to work at MBI; (2) that MBI failed to engage in an interactive process after receiving such a request; or (3) what reasonable accommodation was available at the time of his application. *See Scotch v. Art Inst. of Cal.*, 93 Cal. Rptr. 3d 338, 360, 360–61 (Cal. Ct. App. 2009) (noting that employee must initiate process "unless the disability and resulting limitations are obvious," and holding that to prevail on a failure to engage claim, plaintiff must identify a reasonable accommodation available at the relevant time).

3. The district court also correctly granted summary judgment in MBI's favor on Elzeftawy's wrongful adverse employment action claim. To the extent that this claim is based on the alleged FEHA violations, it fails for the same reason his FEHA claims fail. To the extent the claim is based on alleged retaliation in

---

[1] This argument was not waived. The district court analyzed Elzeftawy's interactive process and reasonable accommodation theories and ruled on them, showing the issue was "raised sufficiently for the trial court to rule on it." *Arizona v. Components Inc.*, 66 F.3d 213, 217 (9th Cir. 1995).

3

violation of California Labor Code §§ 6310 and 6400, it fails for similar reasons. *See Loggins v. Kaiser Permanente Int'l*, 60 Cal. Rptr. 3d 45, 50–51 (Cal. Ct. App. 2007) (applying *McDonnell Douglas* to § 6310 and related claims). MBI offered a legitimate, non-retaliatory reason for failing to hire Elzeftawy, and Elzeftawy did not show that MBI decision-makers knew of his safety complaints or took action because of his complaints.

4. Finally, the district court correctly denied punitive damages because MBI was entitled to summary judgment. *Hilliard v. A.H. Robins Co.*, 196 Cal. Rptr. 117, 128 (Cal. Ct. App. 1983).

**AFFIRMED.** [2]

---

[2] Elzeftawy's motion to supplement the record (ECF No. 11) is denied as moot.